Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN, LLP
411 South State Street
Suite N-300
Newtown, PA 18940
Tel: 215-867-2399, Ext. 1
elechtzin@edelson-law.com

Brandon J. Hill
Luis A. Cabassa
Amanda E. Heystek
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
Telephone: (813) 224-0431
bhill@wfclaw.com
lcabassa@wfclaw.com
aheystek@wfclaw.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEBRUN OBOT-AKATA, BRI A. BLACK, CRYSTAL MICHELLE PHILLIPS, EMILY KATHERINE HENESH, HOLLY MARIE LYONS, KYLIE E. BARKER, MATTHEW JOSEPH ELLISON, MARGARET M. FIORENTINO, MELANY A. MCCARTY, MITCHELL R. BROWN, SHANNON LEE COMPTON, and TANA PAIGE MITCHELL, individually and on behalf of themselves, the Plan and all others similarly situated,<br><br>       Plaintiffs,<br>vs.<br><br>KPC PROMISE HEALTHCARE, LLC, THE KPC GROUP, KPC HEALTHCARE, INC., and KALI P. CHAUDHURI,<br><br>       Defendants. | Case No. 5:24-cv-01893<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, 29 U.S.C. § 1001, *ET SEQ*.** |

## **PRELIMINARY STATEMENT**

1.      This is a class action brought by plaintiffs Mary LeBrun Obot-Akata, Bri A. Black, Crystal Michelle Phillips, Emily Katherine Henesh, Holly Marie Lyons, Kylie E. Barker, Matthew Joseph Ellison, Margaret M. Fiorentino, Melany A. McCarty, Mitchell R. Brown, Shannon Lee Compton, and Tana Paige Mitchell (collectively "Plaintiffs"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, against defendants KPC Promise HealthCare, LLC ("KPC" or the "Company"), The KPC Group ("KPC Group"), KPC Healthcare, Inc. ("KPC Healthcare"), and Kali P. Chaudhuri (the "Individual Defendant" or "Chaudhuri"), (collectively, "Defendants"), seeking restitution, injunctive relief, and other appropriate relief for harms suffered by the KPC Promise Healthcare LLC Health and Welfare Plan (the "Plan") and its participants.

2.      Plaintiffs are current and former employees of KPC. During the relevant time period, KPC offered health benefits to its employees through a self-funded plan, the Plan. Plaintiffs and other employees made payments via regular payroll deductions made by KPC, which was responsible for funding the Plan and ensuring its ability to make payments for covered health benefits. KPC, however, has ceased funding the Plan (or has grossly underfunded the Plan), which has therefore ceased paying covered claims for benefits. KPC and its parent companies – KPC Group and KPC Healthcare – and senior executive Chaudhuri have misappropriated and misused Plan assets. As a result, Defendants have stolen Plaintiffs' wages and benefits and left them vulnerable to substantial financial liability to their medical providers, which the Plan was required to pay and/or reimburse for covered claims.

3.      Beginning in approximately January 2023 (the "relevant time

period"), the Company consistently withheld from employee paychecks money intended to fund the Plan, but Defendants failed to consistently forward this money to the Plan's accounts and/or also failed to forward employer contributions to the Plan and instead have misappropriated and misused Plan assets.

4.    By the actions and omissions specified above, Defendants breached their fiduciary duties of exclusive purpose, prudence, and loyalty, caused the Plans to enter into non-exempt prohibited transactions, and engaged in self-dealing.

5.    Because of these fiduciary breaches, Plaintiffs continued to participate in the Plan and contribute additional funds to KPC (via regular payroll deductions made from all Plan participants) and seek covered medical care for which Defendants caused Plaintiffs to believe that the Plan would pay. Consequently, Plaintiffs have received collections notices from their doctors and other medical providers for amounts owed by the Plan for covered health benefits. The Plan and its participants and beneficiaries have suffered losses, including lost opportunity costs and unpaid health claims, for which the Company is liable.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action under 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA, 29 U.S.C. § 1001, *et seq*., and pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the United States.

7.    This Court has personal jurisdiction over Defendants because they are headquartered and transact business in, or reside in, and have significant contacts with, this District, and because ERISA provides for nationwide service of process.

8.    Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C.

§ 1132(e)(2) and 29 U.S.C. § 1391 because some or all of the fiduciary breaches at issue in this Complaint occurred within this District. Venue is also proper in this District pursuant to 29 U.S.C. § 1391, because Defendants do business in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

**Plaintiffs**

9.     Plaintiff Mary LeBrun Obot-Akata, a citizen and resident of Amarillo, Texas, was and is an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

10.    Plaintiff Bri A. Black, a citizen and resident of Burkburnett, Texas, was an employee of KPC Promise Hospital of Wichita Falls, LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

11.    Plaintiff Crystal Michelle Phillips, a citizen and resident of Amarillo, Texas, was and is an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

12.    Plaintiff Emily Katherine Henesh, a citizen and resident of West Valley, Utah, was and is an employee of KPC Promise Hospital of Salt Lake LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

13.    Plaintiff Holly Marie Lyons, a citizen and resident of Amarillo, Texas, was an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

14.    Plaintiff Kylie E. Barker, a citizen and resident of West Valley, Utah, was and is an employee of KPC Promise Hospital of Salt Lake LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

15.     Plaintiff Matthew Joseph Ellison, a citizen and resident of Amarillo, Texas, was and is an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

16.     Plaintiff Margaret M. Fiorentino, a citizen and resident of Boynton, Florida, was an employee of KPC Promise Healthcare, LLC and is a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

17.     Plaintiff Melany A. McCarty, a citizen and resident of Canyon, Texas, was and is an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

18.     Plaintiff Mitchell R. Brown, a citizen and resident of Raymore, Missouri, was and is an employee of KPC Promise Hospital of Overland Park and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

19.     Plaintiff Shannon Lee Compton, a citizen and resident of Hooper, Utah, was and is an employee of KPC Promise Hospital of Salt Lake LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

20.     Plaintiff Tana Paige Mitchell, a citizen and resident of Amarillo, Texas, was and is an employee of KPC Promise Hospital of Amarillo LLC and a participant in the Plan within the meaning of 29 U.S.C. § 1002(7).

21.     Each of the named Plaintiffs has incurred thousands, if not tens of thousands, of dollars in unpaid medical bills that were covered under the Plan. Plaintiffs also have been required to pay out of pocket for medical treatment that was covered under the Plan so that they can receive reasonable and necessary medical care from medical providers who have not been reimbursed by the Plan. As a result of Defendants' failures to properly fund the Plan, Plaintiffs and similarly situated Plan participants and beneficiaries have received collections notices from

medical providers and their credit scores have been adversely affected.

**Defendants**

22.    Defendant The KPC Group, has its corporate headquarters at 9 KPC Parkway, Suite #301, Corona, California 92879. KPC is a subsidiary of The KPC Group. At all relevant times The KPC Group has exercised control and authority over Plan assets and is therefore a fiduciary with respect to the Plan under ERISA.

23.    Defendant KPC Healthcare, Inc. is a Nevada corporation with its principal place of business located at 1301 N. Tustin Ave., Santa Ana, California 92705. KPC Healthcare, Inc. consists of a group of integrated medical facilities in Southern California. KPC is a subsidiary of KPC Healthcare Inc. At all relevant times KPC Healthcare, Inc. had and exercised control and authority over Plan assets and is therefore a fiduciary with respect to the Plan under ERISA.

24.    Defendant Kali Pradip Chaudhuri is the Chairman, Founder and CEO of the KPC Group and he maintains his professional offices at 9 KPC Parkway, Suite #301, Corona, California 92879. At all relevant times Chaudhuri had and exercised control and authority over Plan assets and therefore is a fiduciary with respect to the Plan under ERISA.

25.    During the relevant time period, the Company, a specialty hospital post-acute healthcare system, which owns a number of hospitals and skilled nursing facilities, was the sponsor of the Plan and was its administrator.

26.    During the relevant time period, the Company had authority to administer and manage the Plan, and therefore, was a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

27.    The Company was also a party in interest to the Plan during the relevant time period under ERISA § 3(14)(A), (C), 29 U.S.C. § 1002(14)(A), (C),

because it was a fiduciary to the Plan, and because it was the employer of Plaintiffs and the participants in the Plan.

28.     During the relevant time period, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

## FACTUAL ALLEGATIONS

29.     A self-funded benefits plan is a form of self-insurance by which an employer uses its own funds to provide benefits to employees. Rather than obtaining insurance policies from an insurance carrier, the employer assumes direct responsibility for the cost of benefits. Self-funded plans are advantageous to employers, as they generally are less expensive than traditional insurance. In addition, the employer can retain possession and control of the funds in trust that otherwise would be paid to an insurance carrier for traditional insurance.

30.     The Company offered health benefits to its employees, including Plaintiffs, through its self-funded Plan.

31.     Although the Company could have procured health and other insurance for its employees, it instead opted to implement a self-funded plan as it was financially advantageous to the Company.

32.     Employees contributed to the Plan via weekly payroll deductions, with the Company promising that it would provide additional contributions.

***Defendants Have Not Fully Remitted Employee Contributions to the Plan***

33.     During the relevant time period, the Company consistently deducted employee contributions to the Plan from employees' weekly pay.

34.     During the relevant time period, the Company was to establish a dedicated bank account, funded sufficiently to cover all necessary benefit payments under the Plan. The Company was required to fund this account with

the amounts deducted from employee paychecks and, to the extent necessary, contribute sufficient additional funds to allow for full payment of benefits. The Company was responsible for remitting employee contributions to the Plans' accounts.

35.    During the relevant time period, the Company failed to remit many employee contributions to the Plan and failed to adequately fund the Plan. Instead, upon information and belief Defendants retained the funds and misused Plan assets, engaged in self-dealing transactions by commingling Plan assets with general corporate funds and using them for their own benefit, and otherwise failed to administer the Plan in the interest of Plan participants.

36.    This failure to collect employee contributions acted as a *de facto* loan from the Plan to the Company.

37.    The Defendants did not increase employer contributions to the Plan, or otherwise take steps to ensure that the Plan had sufficient funds to pay all covered claims.

38.    Plaintiffs are informed and believe and thereon allege that the Plan was underfunded from on or before January 1, 2023. By no later than January 1, 2023, it was apparent to all Defendants that the Plan lacked sufficient funds to pay outstanding claims. Thus, it was necessary to further fund the Plan to avoid defaulting on Plan obligations.

39.    Defendants did not take steps to ensure that the Plan had sufficient funds to continue to pay all covered claims.

40.    Defendants did not notify Plan participants that the Company had substantially and repeatedly failed to fund the Plan. Plaintiffs are informed and believe and thereon allege that Defendants failed to take any reasonable steps to

ensure adequate Plan funding by the Company or to notify Plan participants of the failure to fund the Plan. Defendant likewise failed to take any reasonable steps to notify Plan participants of the inevitable consequences of the failure to fund the Plan (*i.e.*, that the depletion of Plan funds would accelerate and the Plan would ultimately be unable to meet its obligations).

41.    The consequence was predictable: the Plan assets were depleted to the point that the Plan could not pay all covered claims and ultimately ceased paying claims.

42.    Defendants did not disclose to Plaintiffs or the Company's other employees that they had failed to adequately fund the Plan or that the Plan had ceased paying claims. Consequently, Plaintiffs and other employees continued to seek medical care and services with the expectation that the costs of such care and services would be covered and paid for as provided by the Plan.

43.    As a result of Defendants' breaches of their fiduciary duties and other conduct described herein, Defendants have failed to pay substantial covered medical claims under the Plan, and participants and beneficiaries incurred charges that should have been covered by the Plan.

44.    Plaintiffs are informed and believe and thereon allege that Defendants' failure to pay covered claims is ongoing, and the harm to Plaintiffs and other Plan participants is continuing and increasing by the day.

45.    In addition to direct liability for fiduciary breaches, ERISA imposes on all fiduciaries responsibility for breaches of co-fiduciaries.

46.    Section 405(a) of ERISA, *inter alia*, provides:

In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable

for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C.A. § 1105(a).

47.    All Defendants were aware of the Company's failure to fund the Plan, its misappropriation of Plan assets, its failure to pay claims when due and other fiduciary breaches as alleged above. No Defendant made any effort to remedy those breaches. By failing to provide Plan participants any notification of these breaches and the financial and medical risk to which the breaches subjected Plan participants, Defendants knowingly undertook actions to conceal the breaches and their inevitable consequences for Plaintiff and other Plan participants.

## CLASS ACTION ALLEGATIONS

48.    Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class including all participants and former participants in the Plan, except Defendants and their immediate family members, to the present day.

49.    The claims set forth herein as properly maintained as a class action under Federal Rule of Civil Procedure 23 because all elements of Rule 23(a) are

satisfied and one or more of the Rule 23(b) factors is satisfied. Defendants have acted or refused to act on grounds that apply generally to the class, such that declaratory and injunctive relief is appropriate for the class as a whole, common questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

50. **Numerosity.** The members of the class are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiffs allege that the proposed class contains approximately 500 members. The precise number and identities of all class members is unknown to Plaintiffs but is known to Defendants. Accordingly, it will be possible to notify the class of the pendency of this action by mail, electronic mail, notice or otherwise.

51. **Commonality and predominance of common questions of law and fact**. Common questions of law and fact exist as to all members of the proposed class, and these questions predominate over any individualized questions. These common questions of law and fact including, but are not limited to, the following:

a.    Whether Defendants are Plan fiduciaries;

b.    Whether Defendants breached their fiduciary duties by failing to pay covered claims under the Plan;

c.    Whether Defendants breached their fiduciary duties by failing to discharge their duties with respect to the Plan solely in the interest of participants and beneficiaries, and for the exclusive purposes of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan;

d.      Whether Defendants breached their fiduciary duties by failing to ensure that Plan assets were prudently managed;

e.      Whether Defendants breached their fiduciary duties by failing to notify Plan participants that Defendants had ceased paying covered claims;

f.      Whether certain Defendants knowingly participated in the fiduciary breaches of other Defendants;

g.      Whether certain Defendants enabled fiduciary breaches by other Defendants;

h.      Whether certain Defendants, with knowledge of the breaches of other Defendants, failed to take reasonable efforts under the circumstances to remedy those breaches;

i.      Whether Defendants violated ERISA; and

j.      Whether Plaintiffs and the proposed class are entitled to declaratory, injunctive and/or other equitable relief, pursuant to ERISA or at common law, to remedy defendants' breaches of fiduciary duty, wrongful, unfair, and unlawful conduct as alleged herein, including without limitation an order requiring payment of all unpaid claims for covered health benefits and restoration to Plaintiffs and/or the Plan of all premium amounts deducted from Plaintiffs' paychecks during the relevant period.

52.     **Typicality**. Plaintiffs' claims are typical of the claims of the other proposed Class members, in that Defendants' breaches of their fiduciary duties impacted all Plan participants in the manner described above, including Plan participants whose claims have gone unpaid as well as Plan participants who have not yet suffered unpaid claims but who have had their wages deducted for Plan

premium payments when no functional Plan existed.

53. **Adequacy of representation**. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel experienced in complex litigation, including under ERISA, and Plaintiffs and their counsel intend vigorously to prosecute this action. Plaintiffs and their counsel have no interests adverse to those of the other proposed Class members.

54. **Superiority**. A class action is superior to individual actions for achieving fair and efficient adjudication of this controversy. The financial and other detriment suffered by the Plan, the Plaintiffs and other members of the proposed class is relatively small compared to the burden and expense that would be required to litigate their claims individually against Defendants. Thus, it would not be possible to redress effectively the misconduct described above through individual actions. Further, individual actions would impose a greater burden on the Courts and all parties, as well as the risk of inconsistent judgments arising from the same or similar facts. Class litigation provides for the efficient adjudication of common issues in a single proceeding, and there are issues of manageability that would preclude individual litigation.

55. Class certification is also appropriate because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members that would create risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct for Defendants. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct for Defendants;

the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and Defendants have acted or refused to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory, injunctive or other equitable relief with respect to the members of the class as a whole.

56.     Alternatively, certain issues relating to Defendants' liability may be certified pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**
**Against the Defendants for Breach of Fiduciary Duty**
**(ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2))**

57.     Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

58.     The Plan documents identify KPC as the Plan Administrator and the Plan's Named Fiduciary. In addition, the Individual Defendant and [insert other Defendants] were responsible for making and did make discretionary decisions regarding, among other things, Plan administration and the disbursement of Plan benefits and Plan assets and had and exercised control over plan assets. The Company also had and exercised control over Plan assets. Accordingly, all Defendants are and acted as a fiduciary of the Plan.

59.     As fiduciaries of the Plan, Defendants had the duties set forth in in ERISA § 404, 29 U.S.C. §1104, including but not limited to a duty of loyalty to the Plan and Plan participants, as well as duties not to make misrepresentations to Plan participants; to discharge their duties solely in the interests of Plan participants and their beneficiaries and for the exclusive purpose of providing

benefits to them or defraying reasonable expenses of administering the Plan; to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims; and to discharge their duties in accordance with the documents and instruments governing the Plan.

60.    Defendants breached their fiduciary duties by, among other things:

  a.    failing to pay covered claims under the Plan;

  b.    failing to ensure the Plan was adequately funded;

  c.    failing to ensure that Plan assets were prudently managed;

  d.    misappropriating and misusing Plan assets; and

  e.    failing to notify Plan participants that Defendants had ceased paying covered claims.

61.    As a result of such breaches, Defendants have caused monetary loss to Plaintiffs and the Plan for which Defendants are individually liable. Accordingly, Plaintiffs bring this action on behalf of themselves and all other similarly situated, and on behalf of and for the benefit of the Plan.

### SECOND CLAIM FOR RELIEF
**Co-Fiduciary Liability Against the Individual Defendant, KPC Group, and KPC HealthCare**
**(ERISA § 405, 29 U.S.C. § 1105)**

62.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

63.    The Individual Defendant and KPC Group and KPC Healthcare knowingly participated in, undertook to conceal, enabled and failed to make reasonable efforts to remedy the fiduciary breaches of KPC and its co-fiduciaries.

64.    Consequently, the Individual Defendant and KPC Group and KPC

Healthcare are jointly and severally liable for all monetary loss and other harm caused by their co-fiduciaries' breaches of fiduciary duty with respect to the Plan.

### THIRD CLAIM FOR RELIEF
### (For Appropriate Equitable Relief Against All Defendants)
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

65.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

66.    Plaintiffs are entitled to appropriate equitable relief to ensure the protection of their rights going forward, avoid continued malfeasance with respect to Plan assets, and prevent unjust enrichment of Defendants by virtue of their conduct described above constituting breaches of fiduciary duties owed to Plan participants and/or knowing participation in such breaches.

67.    In addition to the conduct described above, Plaintiffs are entitled to appropriate equitable relief to redress Defendants' violations of, or knowing participation in violations of, ERISA's prohibition on transactions set forth in ERISA Section 406(a), 29 U.S.C. §1106(a), through, at a minimum, the transfer of plan assets to, use of plan assets by or for the benefit of parties in interest (as defined by ERISA).

### FOURTH CLAIM FOR RELIEF
### (Against Defendants for Breaches of the
### Exclusive Purpose Requirement)

68.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

69.    ERISA § 403(c)(1) allows plan assets to be held only for the exclusive purposes of providing benefits to participants and defraying reasonable administration expenses. It also forbids holding plan assets for any employer's benefit. 29 U.S.C. § 1103(c)(1).

70.    Withheld employee contributions became the Plans' assets as soon as the Company could have reasonably segregated them from general assets, and at most 15 days after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(1). During the relevant time period, Defendants failed to remit employee contributions to the Plan long after they could have reasonably segregated the employee contributions from the Company's general assets.

71.    By its actions and omissions, Defendants:

a.    allowed the Plans' assets to be held outside the Plans for extended periods, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1); and

b.    caused harm to the Plans' participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2).

### FIFTH CLAIM FOR RELIEF
#### (Against Defendants for Breaches of Fiduciary Duties for Failing to Remit Employee Contributions)

72.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

73.    As fiduciaries to the Plans, Defendants had a duty under ERISA § 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of the Plans' participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

74.    During the relevant time period, Defendants did not promptly segregate and remit employee contributions to the Plans.

75.    Diversion of employee contributions was imprudent and disloyal because it was not in the interest of the Plans' participants or beneficiaries. A

prudent person acting in a fiduciary capacity in similar circumstances to those faced by Defendants during the relevant time period would promptly segregate and remit employee contributions to the Plan and monitor accounts to ensure that the Company did not convert the Plan's assets to its own use.

76.    By its actions and omissions, Defendants:

a.    failed to discharge their duties to the Plan solely in the interests of participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable administration expenses, in violation of ERISA § 404(a)(1)(A);

b.    failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(A)-(B); and

c.    caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2).

**SIXTH CLAIM FOR RELIEF**
**(Against Defendants for Breaches of Fiduciary Duties for**
**Failing to Ensure the Plan Received Employer Contributions)**

77.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

78.    As fiduciaries to the Plans, Defendants had a duty under ERISA § 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of the Plan's participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

79.    Beginning in January 2023, Defendants failed to ensure that the Plan

received the employer contributions owed to employees.

80.    Failure to ensure that the Plan received the owed employer contributions was imprudent and disloyal because it was not in the interest of the Plan's participants or beneficiaries.

81.    A prudent person acting in a fiduciary capacity in similar circumstances to those faced by the Defendants during the relevant time period would act to ensure that the Plan received all employer contributions to which they were entitled.

82.    By its actions and omissions, Defendants:

a.    failed to discharge their duties to the Plan solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable administration expenses, in violation of ERISA § 404(a)(1)(A);

b.    failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(A)-(B); and

c.    caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2).

### SEVENTH CLAIM FOR RELIEF
### (Against the Company for Prohibited Transactions)

83.    Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

84.    ERISA § 406(a)(1)(D) prohibited the Company as a fiduciary to the

Plan, from transferring the Plan's assets to a "party in interest." 29 U.S.C. §
1106(a)(1)(D).

85.     The Company was a party in interest to the Plan under ERISA § 3(14),
29 U.S.C. § 1002(14).

86.     During the relevant time period, the Company failed to segregate and
remit employee contributions and allowed the Company to commingle the Plan's
assets with general employer assets.

87.     By its actions and omissions, the Company:

   a.     caused the Plan to enter into transactions that it knew or should
have known constituted prohibited transfers of the Plan's assets to a party in
interest in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

   b.     caused harm to the Plan's participants and beneficiaries for
which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), 29
U.S.C. §§ 1109, 1132(a)(2).

### SIXTH CLAIM FOR RELIEF
### (Against the Company for Self-Dealing)

88.     Plaintiffs re-allege and incorporate herein by reference all prior
allegations in this Complaint as if fully set forth herein.

89.     ERISA § 406(b)(1) prohibits the Company, as a fiduciary to the Plan,
from dealing with the Plan's assets in its "own interest" or for its "own account."
29 U.S.C. § 1106(b)(1).

90.     ERISA § 406(b)(2) prohibits the Company, as the Plan's fiduciary,
from acting in any transaction involving the Plan on behalf of a party whose
interests are adverse to the interests of the Plan or its participants and beneficiaries.
29 U.S.C. § 1106(b)(2).

91.    During the relevant time period, the Company allowed the Plan's assets to languish in the Company's general operating account, which benefitted the Company's business interests, at the expense of the Plan and its participants.

92.    By its actions and omissions, the Company:

a.    engaged in prohibited self-dealing in violation of ERISA § 404(b)(1) and (2), 29 U.S.C. § 1106(b)(1)-(2); and

b.    caused harm to the Plan's participants and beneficiaries for which they are entitled to relief pursuant to ERISA §§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.    For an order certifying the action as a class action under Rules 23(b)(2) and (b)(3);

b.    For an order appointing plaintiffs as class representatives and plaintiffs' counsel as class counsel;

c.    For an Order declaring that the Defendants violated by terms of the Plan and rights of Plaintiffs and the Class thereunder by a) failing to pay the full amount of benefits due under the Plan; b) failing to disclose to Plaintiffs and the Class that the Plan had ceased providing payment of covered health benefits; c) failing to adequately and prudently fund, manage and administer the Plan; d) failing to hold Plan assets in trust; and e) misusing and misappropriating Plan assets.

d.    For an order requiring Defendants to make the Plan whole for all losses caused by the conduct described above and to pay all benefits due pursuant to the terms of the Plan

e.    For an order requiring that the Company be liable to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

f.    For an order requiring Defendants restore to Plaintiffs and the proposed class and/or the Plan premium contributions collected;

g.    For the equitable relief of surcharge, including without limitations the return of the financial benefits Defendants gained by breaching their fiduciary duties to Plaintiffs and the Class and funds sufficient to make the Plan whole for the losses caused by Defendants' conduct;

h.    For an order requiring that Defendants submit to an equitable accounting;

i.    For the imposition of a constructive trust over all funds held by Defendants that properly constitute Plan assets;

j.    For interest on all sums awarded;

k.    For attorneys' fees and the costs of action in an amount the Court determines to be reasonable, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and to the extent otherwise provided by the Plan or by law; and

l.    For such other relief as may be equitable, just, and proper.

DATED: September 5, 2024

/s/*DRAFT*
Eric Lechtzin (SBN 248958)
**EDELSON LECHTZIN, LLP**
411 South State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399, Ext. 1
elechtzin@edelson-law.com

Brandon J. Hill*
Luis A. Cabassa*
Amanda E. Heystek*
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
Telephone: (813) 224-0431
bhill@wfclaw.com
lcabassa@wfclaw.com
aheystek@wfclaw.com

*Counsel for Plaintiffs and the Proposed Class*

\* *Pro hac vice admission anticipated*